## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BURGER ANTICS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| DOORDASH, INC., a Delaware Corporation, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, BURGER ANTICS, (hereinafter referred to as "Plaintiff") by and through its attorneys, THE LAW OFFICE OF TERRENCE BUEHLER, THOMAS F. BURKE and JEFFREY J. LEVINE, P.C. and complaining of the Defendant, DOORDASH, INC., (hereinafter referred to as "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for common law trademark infringement and false designation of origin under the Lanham Act, as well as unfair competition under state and federal laws. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 (d)(2) in that the matter in controversy exceeds $5,000,000 and the Plaintiff and the Defendant are citizens of different states. Plaintiff's claims are in based in part on violations of the Lanham Act, as amended, 15 U.S.C. § 1051, *et seq*. The trademark infringement and false designation of origin claim is brought as a Class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Rule 23") (The "Class").

2. Venue is appropriate under 28 U.S.C. §1391. A substantial portion of the events giving rise to this suit occurred in this District.

## PARTIES

3. Plaintiff Burger Antics, Inc. is an Illinois corporation, having its principal place of business at 3740 Grand Blvd in Brookfield, Illinois 60513. Plaintiff specializes in providing fresh, made-to-order food to its customers.

4. Defendant DoorDash, INC., is a Delaware Corporation with a principle place of business at 116 New Montgomery St. 3rd Floor, San Francisco, CA 94105. Defendant delivers food from multiple restaurants to customers who place food orders online, through the internet or mobile devices.

**GENERAL ALLEGATIONS**

5. Burger Antics was created in 2013 by Dan and Brenna Velcich. Burger Antics is dedicated to using locally sourced meat and produce and is committed to being a responsible business that cares more about its customers and the planet than it does about the bottom line. To that end, it produces a wide range of hamburgers topped with an array of interesting and unusual toppings. It also features an original burger of the month every month and week.

6. In the short time that Burger Antics has been in business, it has created a strong and growing local audience of followers who come for the unique food and unusual atmosphere that features local artists.

7. Burger Antics has a distinct Logo or Mark that features a crossed fork and spatula with flames rising behind it. That Logo is depicted as Exhibit 1, attached.

8. This action is brought as a class action against Defendant for trademark Infringement and false designation of origin under the Lanham Act, as well as unfair competition under state and federal laws.

9. Upon information and belief, Defendant is a business that delivers a variety of food items from multiple restaurants in cities located throughout the United States.

10. Plaintiff is in no way affiliated with Defendant's food delivery business, and has never authorized Defendant to deliver its food to customers.

11. Despite the fact that Defendant is in no way affiliated with Plaintiff, the Defendant has advertised, and continues to advertise, that it delivers food from Plaintiff's restaurant. Defendant advertises the delivery of Plaintiff's food by displaying Plaintiff's Logo without authorization on Defendant's website (A screen shot of Defendant's web page is attached as Exhibit 2.) Upon information and belief, Defendant's use of Plaintiff's Logo is intended to, and has, confused consumers as to Defendant's authority to deliver Plaintiff's food products.

12. Without authorization from Plaintiff, Defendant has used and continues to use Plaintiff's Logo to promote and advertise its delivery business.

13. Plaintiff has never authorized Defendant to use its Logo for any promotional or advertisement purpose.

14. Plaintiff has never authorized Defendant, or any other entity to deliver its food products.

15. Defendant's unauthorized use of Plaintiff's Logo for marketing and advertising its service creates a likelihood of consumer confusion because both actual and prospective customers are likely to believe that Defendant has been given authorization or license by Plaintiff to use Plaintiff's logo, or that in some way, Plaintiff and Defendant are affiliated or connected, or Defendant's services have been approved by Plaintiff to deliver Plaintiff's food items. Plaintiff has never sponsored, licensed, or authorized Defendant's services.

16. Defendant's use of Plaintiff's trademark implies that Defendant not only delivers Plaintiff's products to its customers, but that the quality and services offered by the Defendant is the same as if the consumers had made the purchases directly from Plaintiff. Upon information and belief, the quality of services offered by Defendant does not at all comport with the standards

3

that consumers expect from Plaintiff's goods and services.

17. Although Plaintiff is in no way affiliated with Defendant, when a customer uses Google to find Plaintiff's menu and website, Defendant's website is directly displayed underneath Plaintiff's website, and clicking on the link connects the consumer to place an Order through Defendant. A screenshot of this is attached as Exhibit 3.

18. The prices on the menu displayed on the Defendant's website are incorrect. This causes further deception and confusion for the consumer in that the Plaintiff has authorized Defendant to charge incorrect prices for Plaintiff's food and delivery.

19. Defendant's use of Plaintiffs trademark implies that Defendant not only delivers Burger Antics products to its customers, but that the quality and services offered by Defendant, are the same as if consumers had made purchases directly from Plaintiff. Upon information and belief, the quality of services offered by Defendant does not at all comport with the standards that consumers expect from Plaintiff goods and services. Further, Plaintiff has no control over Defendant's delivery time, the temperature at which the food products are kept in and transported during delivery, and the food handling and safety protocol taken by Defendant's delivery drivers. While Plaintiff adheres to the Food Handling Regulation Enforcement Act, 410 I.L.C.S. §625 et seq., on information and belief, Defendant does not adhere to such laws and regulations, including compliance with required food safety and handling practices.

## CLASS ACTION ALLEGATIONS

20. Plaintiff seeks to bring this lawsuit on behalf of itself and on behalf of all other restaurants similarly situated, subject to entry of an order certifying this cause as a class action pursuant to Rule 23(b)(3).

21. Rule 23(b)(3) provides that a cause of action may be maintained as a class action if:

4

  a. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

  b. There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

  c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

  d. The representative parties will fairly and adequately protect the interests of the class; and,

  e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definition

22. Plaintiff seeks certification of the following Illinois Class:

"All restaurants in the United States whose restaurant name and logo appear on the Defendant's website offering delivery services and who have not entered into any agreement with Defendant to provide such delivery services during the relevant statute of limitations period."

## Numerosity

23. The Class satisfies the numerosity standards. Upon information and belief, Defendant is a nationwide company with operations in all fifty states. Defendant advertises that it delivers on behalf of 54,000 different restaurants. Preliminary investigation reveals that Defendant is advertising delivery services for at least six restaurants in the Brookfield Illinois area and using their logos to do so that have not entered into any relationship with Defendant. Considering the size of the Defendant, the class has at least one hundred members and potentially thousands. The proposed class can be identified and located using Defendant's records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail based upon these available records and/or published and broadcast notice.

## Common Questions of Fact or Law

24. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a. Whether the Defendant is using the Class members' logos without permission;

    b. Whether the Defendant's use of the Class members logos creates confusion in consumers;

    c. Whether the Defendant's use of the Class members' logos was willful; and,

    d. Whether Plaintiff and the Class have suffered damages and the proper measure of those damages.

25. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

### **Typicality**

26. Plaintiff's claims are typical of the claims of the Class members. Plaintiff suffered similar injuries as those suffered by other Class members as a result of Defendant's unauthorized use of Plaintiff's and the Class's logos.

### **Adequacy**

27. The named Plaintiff is an adequate representative of the Class because it is a member of the Class and its interests do not conflict with the interests of the members of the class it seeks to represent. The interests of the Class members will be fairly and adequately protected by the named Plaintiff and its undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### **Superiority**

28. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I
## FEDERAL UNFAIR COMPETITION 15 U.S.C. § 1125(a)

29. Plaintiff repeats and re-alleges Paragraphs 1 through 28 as though fully set forth herein.

30. Upon information and belief, Defendant's unauthorized use of the Trademark and Logo in connection with its food delivery services constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to:

   a. The affiliation, connection or association of the Plaintiff's trademarks with Defendant;

   b. The origin, sponsorship or approval of Defendant's use of the Plaintiff's trademarks; and

   c. The nature, characteristics, or qualities of Defendant's services that bear and/or rendering of services in connection with the Plaintiff's trademarks.

7

31. The aforesaid acts constitute Federal Unfair Competition in violation of 15 U.S.C. § 1125(a).

## COUNT II
## DILUTION 15 U.S.C. § 1125(c)

32. Plaintiff repeats and re-alleges Paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is the owner of the Logo and famous Trademark, which is inherently distinctive.

34. Defendant's unauthorized use of the Plaintiff's Logo in connection with its food delivery services is likely to cause dilution by blurring and/or dilution by tarnishment of Plaintiff's famous Logo.

35. Defendant's acts have been willful and in conscious disregard of trademark rights of Plaintiff.

36. Defendant's acts were subsequent to the Plaintiff's Logo becoming famous.

37. Because Defendant's unauthorized use of the Logo is likely to tarnish the Plaintiff's trademark, Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1125(c) because Plaintiff has no adequate remedy at law.

## COUNT III
## ILLINOIS DECEPTIVE TRADE PRACTICES ACT 815 ILCS §505/2

38. Plaintiff repeats and re-alleges Paragraphs 1 through 37 as though fully set forth herein.

39. Defendant's acts, complained of above, constitute unlawful, unfair and/or fraudulent business acts or practices.

40. Defendant's acts, complained of above, including, without limitation, falsely advertising that it is an approved food delivery service for Plaintiff and members of the Class and

falsely suggesting that it has an agreement with Plaintiff and the Class violates the Illinois Deceptive Trade Practices Act, 815 ILCS operating §510.

41. As a result of the foregoing acts, Plaintiff has suffered damages.

42. The foregoing acts of Defendant have caused Plaintiff irreparable harm, and unless enjoined, will continue to cause Plaintiff irreparable harm.

## COUNT IV
## ILLINOIS CONSUMER FRAUD ACT 815 ILCS §505/2

43. Plaintiff repeats and realleges paragraphs 1-42 as though fully set forth herein.

44. Defendant's acts, complained of above, including, without limitation, falsely advertising that it is an approved food delivery service for Plaintiff and members of the Class and falsely suggesting that it has an agreement with Plaintiff and the Class violates the Illinois Consumer Fraud Act, 815 ILCS §505/2.

45. As a result of the foregoing acts, Plaintiff and the Class have suffered damages.

## COUNT V
## COMMON-LAW TRADEMARK INFRINGEMENT

46. Plaintiff repeats and re-alleges Paragraphs 1 through 45 as though fully set forth herein.

47. The acts of Defendant, complained of above, constitute trademark infringement in violation of the common law of the State of Illinois.

48. Upon information and belief, Defendant's acts have been committed and are being committed with the deliberate purpose and intent of appropriating and trading on Plaintiff's goodwill and reputation.

49. As a result of the foregoing acts of Defendant, Plaintiff has suffered damages.

50. The foregoing acts of Defendant have caused Plaintiff irreparable harm, and unless enjoined, Defendant's acts as alleged herein will continue to cause Plaintiff irreparable

harm, loss, and injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by its attorneys, requests judgment in its favor and against the Defendant as follows:

1. Enjoined from using the Trademarks and Logo of Plaintiff and the Class

2. Enjoined from the unauthorized delivery of food from the restaurants of Plaintiff and the Class;

3. Damages to be determined at trial;

4. Reasonable attorneys' fees and expenses; and

5. Such other and further relief as this Court deems just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Dated: January 8, 2018            Respectfully Submitted,

By: /s/Terrence Buehler
ONE OF THE ATTORNEYS FOR PLAINTIFF

Terrence Buehler
THE LAW OFFICE OF TERRENCE BUEHLER
20 North Clark Street, Suite 800
Chicago, IL 60602
(312) 371-4385
tbuehler@tbuehlerlaw.com

Jeffrey J. Levine
JEFFREY J. LEVINE, P.C.
20 North Clark Street, Suite 800
Chicago, IL 60602
(312) 372-4600
(312) 443-1286 – Facsimile
jeffjlev@yahoo.com

              Thomas F. Burke
              THOMAS F. BURKE, P.C.
              53 W. Jackson Blvd, Suite1441
              Chicago, IL 60604
              (312) 362-1300
              tburke104@att.net