**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| BURGER ANTICS, INC., SUSHI PARA ILL and SUSHI PARA CO., on behalf of themselves and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00133 |
| | ) | Honorable Judge Jorge L. Alonso |
| | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| DOORDASH, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

**AMENDED CLASS ACTION COMPLAINT**

NOW COME the Plaintiffs, BURGER ANTICS and SUSHI PARA CO., (hereinafter referred to as "Plaintiffs") by and through their attorneys, THE LAW OFFICE OF TERRENCE BUEHLER, THOMAS F. BURKE, P.C. and JEFFREY J. LEVINE, P.C. and complaining of the Defendant, DOORDASH, INC., (hereinafter referred to as "Defendant"), alleges as follows:

**JURISDICTION AND VENUE**

1.      Plaintiffs bring this action for trademark infringement and false designation of origin under the Lanham Act, as well as unfair competition under state and federal laws. The trademark infringement and false designation of origin claim is brought as a Class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Rule 23") (The "Class").

2.      The Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are, in part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, *et seq*. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b), and 1367.

1

3. The Court has original jurisdiction under 28 U.S.C. §1331 and §1367.

4. The Court has supplemental jurisdiction over the state law claim.

5. Venue is appropriate under 28 U.S.C. §1391.

## PARTIES

6. Plaintiff Burger Antics, Inc. is an Illinois corporation, having its principal place of business at 3740 Grand Blvd in Brookfield, Illinois 60513. Plaintiff specializes in providing fresh, made-to-order food to its customers.

7. Plaintiff Sushi Para Co. ("Sushi Para") is a District of Columbia Corporation with its principal place of business at 4221 Connecticut Avenue NW, Washington, D.C., 20008. Sushi Para specializes in providing fresh, made-to-order Sushi for its customers.

8. Defendant DoorDash, Inc., is a Delaware Corporation with a principle place of business at 116 New Montgomery St. 3rd Floor, San Francisco, CA 94105. Defendant delivers food from multiple restaurants to customers who place food orders online, through the internet or mobile devices.

## GENERAL ALLEGATIONS

9. Burger Antics was created in 2013 by Dan and Brenna Velcich. Burger Antics is dedicated to using locally sourced meat and produce and is committed to being a responsible business that cares more about its customers and the planet than it does about the bottom line. To that end, it produces a wide range of hamburgers topped with an array of interesting and unusual toppings. It also features an original burger of the month every month and an original burger of the week.

10. In the short time that Burger Antics has been in business, it has created a strong and growing local audience of followers who come for the unique food and unusual atmosphere that features local artists.

2

11. Burger Antics has a distinct Logo or Mark that features a crossed fork and spatula with flames rising behind it. That Logo is depicted as Exhibit 1, attached. This is both a common law Trademark and a common law Trade Dress.

12. This action is brought as a class action against Defendant for trademark Infringement and false designation of origin under the Lanham Act, as well as unfair competition under state and federal laws.

13. Plaintiff Sushi Para was created several years ago. Sushi Para is dedicated to providing fresh raw food.

14. Sushi Para has created tremendous consumer goodwill since it opened for business several years ago. It has created an iconic brand and its food has acquired renown and a devoted fan base throughout the country, including in the District of Columbia.

15. Sushi Para's Federal Service Mark Registration for the "Sushi Para" is attached as Exhibit 2 and hereinafter will be referred to as the "Registered Marks" is registered on the Principal Register of the United States Patent and Trademark Office, all of which are incontestable pursuant to 15 U.S.C. § 1065. Its Registration Number is 4,189,076. It was registered on August 14, 2012.

16. In addition, Sushi Para has a distinctive Trade Dress, as show on Exhibit 3.

17. Upon information and belief, Defendant is a business that delivers a variety of food items from multiple restaurants in cities located throughout the United States.

18. Plaintiffs are in no way affiliated with Defendant's food delivery business, and have never authorized Defendant to deliver their food to customers.

19. Despite the fact that Defendant is in no way affiliated with any of the Plaintiffs, the Defendant has advertised, and continues to advertise, that it delivers food from Plaintiffs' restaurants. Defendant advertises the delivery of Plaintiffs' food by displaying Plaintiffs'

marks and Trade Dress on its website without authorization. (A screen shot of Defendant's web page using each of the Plaintiffs is attached as Exhibits 4A and 4B.) Upon information and belief, Defendant's use of Plaintiffs' marks and Trade Dress is intended to, and has, confused consumers as to Defendant's authority to deliver Plaintiffs' food.

20. Without authorization from Plaintiffs, Defendant has used and continues to use Plaintiffs' marks and Trade Dress to promote and advertise its delivery business.

21. Plaintiffs have never authorized Defendant to use their marks or Trade Dress for any promotional or advertisement purpose.

22. Plaintiffs have never authorized Defendant to deliver their food products.

23. Defendant's unauthorized use of Plaintiffs' marks and Trade Dress for marketing and advertising its service creates a likelihood of consumer confusion because both actual and prospective customers are likely to believe that Defendant has been given authorization or license by Plaintiffs to use Plaintiffs' marks and Trade Dress, or that in some way, Plaintiffs and Defendant are affiliated or connected, or Defendant's services have been approved by Plaintiffs to deliver Plaintiffs' food items. Plaintiffs have never sponsored, licensed, or authorized Defendant's services.

24. Although Plaintiffs are in no way affiliated with Defendant, when a customer uses Google to find Plaintiff Burger Antics' menu and website, or Sushi Para's menu and website, Defendant's website is listed and directly displayed within Plaintiffs' listing as the entity to "Order" food , and clicking on the Defendant's link connects the consumer to place an Order through Defendant for Plaintiffs' food. A screenshot of this is attached as Exhibit 5A and 5B.

25. The prices on the menu displayed on the Defendant's website for Burger Antics are incorrect. This causes further deception and confusion for the consumer, in that

4

Plaintiff Burger Antics has not authorized Defendant to charge incorrect prices for Burger Antics' food and delivery.

26.     Defendant's use of Plaintiffs' marks and Trade Dress implies that Defendant not only delivers Plaintiffs' products to their customers, but that the quality and services offered by Defendant are the same as if consumers had made purchases directly from Plaintiffs.  Upon information and belief, the quality of services offered by Defendant does not at all comport with the standards that consumers expect from Plaintiffs' goods and services. Further, Plaintiffs have no control over Defendant's delivery time, the temperature at which the food products are kept in and transported during delivery, and the food handling and safety protocol taken by Defendant's delivery drivers.  Plaintiffs adhere to the Food Code and, on information and belief, Defendant does not adhere to such regulations, including compliance with required food safety and handling practices.

27.     Defendant does not pay either of the Plaintiffs for using their mark and Trade Dress and for delivering their food.

## CLASS ACTION ALLEGATIONS

28.     Plaintiffs seek to bring this lawsuit on behalf of themselves and on behalf of all other restaurants similarly situated, subject to entry of an order certifying this cause as a class action pursuant to Rule 23(b)(3).

29.     Rule 23(b)(3) provides that a cause of action may be maintained as a class action if:

a.     The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

c.     The claims or defenses of the representative parties are typical of the claims or defenses of the class;

d.     The representative parties will fairly and adequately protect the interests of

the class; and,

       e.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definition

30.    Plaintiff seeks certification of the following Illinois Class:

"All restaurants in the United States whose restaurant name, Trade Dress and/or mark appear on the Defendants' website or, whose restaurant, when Googled, displays the Defendant as its delivery service and who have not entered into any agreement with Defendant to provide such delivery services during the relevant statute of limitations period."

## Numerosity

31.    The Class satisfies the numerosity standards. Upon information and belief, Defendant is a nationwide company with operations in all fifty states. Defendant advertises that it delivers on behalf of 54,000 different restaurants. Preliminary investigation reveals that Defendant is advertising delivery services for at least six restaurants in the Brookfield Illinois area and using their Trademarks and Dress Mark to do so that have not entered into any relationship with Defendant. Also, as demonstrated by The Sushi Plaintiffs, Defendant has not limited its activities to the Chicago area. Considering the size of the Defendant, the class has at least one hundred members and potentially thousands. The proposed class can be identified and located using Defendant's records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail based upon these available records and/or published and broadcast notice.

## Common Questions of Fact or Law

32.    There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

6

    a.  Whether the Defendant is using the Class members' marks and Trade Dress without permission;

    b.  Whether the Defendant's use of the Class members mark and Trade Dress creates confusion in consumers;

    c.  Whether the Defendant's use of the Class members' marks and Trade Dress was willful; and,

    d.  Whether Plaintiffs and the Class have suffered damages and the proper measure of those damages.

33.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

34.    Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs suffered similar injuries as those suffered by other Class members as a result of Defendant's unauthorized use of Plaintiff's and the Class's logos.

## Adequacy

35.    The named Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the Class members will be fairly and adequately protected by the named Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

## Superiority

36.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is

impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I
## FEDRAL TRADEMARK INFRINGEMENT 15 U.S.C. §1114

37.     Sushi Para repeats and re-alleges Paragraphs 1 through 36 as though full set forth herein.

38.     Sushi Para exclusively owns the marks, which are valid and enforceable.

39.     Sushi Para continues to use the Registered Mark in interstate commerce in connection with the advertising and promotion of their restaurants goods and services.

40.     Without authorization, Defendant has used and continues to use the Registered Mark of Sushi Para in interstate commerce in connection with the advertising and promotion of its food delivery services.

41.     Upon information and belief, Defendant's unauthorized use of the Sushi Para's Registered Marks has caused, and will likely continue to cause confusion, mistake, or deception in the relevant consumer market.

42.     Upon information and belief, Defendant's unauthorized use of the Sushi Para Registered Marks constitute Trademark Infringement in violation of 15 U.S.C. §1114

8

and §1117.

43.    Defendant has acted in bad faith and/or willfully in using the Registered Marks in connection with operation of its food delivery business.

## COUNT II
## FEDERAL UNFAIR COMPETITION 15 U.S.C. § 1125(a)

44.    Plaintiffs repeat and re-allege Paragraphs 1 through 43 as though fully set forth herein.

45.    Upon information and belief, Defendant's unauthorized use of the Registered Marks in connection with its food delivery services constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to:

   a.  The affiliation, connection or association of the Plaintiff's trademarks with Defendant;

   b.  The origin, sponsorship or approval of Defendant's use of the Plaintiff's trademarks; and

   c.  The nature, characteristics, or qualities of Defendant's services that bear and/or rendering of services in connection with the Plaintiff's trademarks.

46.    The aforesaid acts constitute Federal Unfair Competition in violation of 15 U.S.C. § 1125(a).

## COUNT III
## DILUTION 15 U.S.C. § 1125(c)

47.    Plaintiffs repeat and re-allege Paragraphs 1 through 46 as though fully set forth herein.

48.    Plaintiff Sushi Para is the owner of a Registered Mark and Trade Dress, which are inherently distinctive.

9

49.     Defendant's unauthorized use of the Plaintiffs' Registered Mark in connection with its food delivery services is likely to cause dilution by blurring and/or dilution by tarnishment of Sushi Para's famous mark and Trade Dress.

50.     Defendant's acts have been willful and in conscious disregard of the trademark rights of Plaintiff Sushi Para.

51.     Defendant's acts were subsequent to the Plaintiff Sushi Para's mark and Trade Dress becoming famous.

52.     Because Defendant's unauthorized use of the mark and Trade Dress is likely to tarnish the Plaintiff's trademark, Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1125(c) because Plaintiff has no adequate remedy at law.

## COUNT IV
## ILLINOIS DECEPTIVE TRADE PRACTICES ACT 815 ILCS §505/2

53.     Plaintiffs repeat and re-allege Paragraphs 1 through 52 as though fully set forth herein.

54.     Defendant's acts, complained of above, constitute unlawful, unfair and/or fraudulent business acts or practices.

55.     Defendant's acts, complained of above, including, without limitation, falsely advertising that it is an approved food delivery service for Plaintiffs and members of the Class and falsely suggesting that it has an agreement with Plaintiffs and the Class violates the Illinois Deceptive Trade Practices Act, 815 ILCS §510.

56.     As a result of the foregoing acts, Plaintiffs and the Class have suffered

damages.

57. The foregoing acts of Defendant have caused Plaintiffs and the Class irreparable harm, and unless enjoined, will continue to cause Plaintiffs and the Class irreparable harm.

## COUNT V
## ILLINOIS CONSUMER FRAUD ACT 815 ILCS §505/2

58. Plaintiffs repeats and reallege paragraphs 1-57 as though fully set forth herein.

59. Defendant's acts, complained of above, including, without limitation, falsely advertising that it is an approved food delivery service for Plaintiffs and members of the Class and falsely suggesting that it has an agreement with Plaintiffs and the Class violates the Illinois Consumer Fraud Act, 815 ILCS §505/2.

60. As a result of the foregoing acts, Plaintiffs and the Class have suffered damages.

## COUNT VI
## COMMON-LAW TRADEMARK INFRINGEMENT

61. Plaintiffs repeat and re-allege Paragraphs 1 through 60 as though fully set forth herein.

62. The acts of Defendant, complained of above, constitute trademark infringement in violation of the common law of the State of Illinois and other states.

63. Upon information and belief, Defendant's acts have been committed and are being committed with the deliberate purpose and intent of appropriating and trading on Plaintiffs' goodwill and reputation.

64. As a result of the foregoing acts of Defendant, Plaintiffs have suffered damages.

65.     The foregoing acts of Defendant have caused Plaintiffs irreparable harm, and unless enjoined, Defendant's acts as alleged herein will continue to cause Plaintiffs irreparable harm, loss, and injury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by their attorneys, request judgment in their favor and against the Defendant as follows:

1.  The Defendant be enjoined from using the Marks and Trade Dress of Plaintiffs and the Class;

2.  The Defendant be enjoined from the unauthorized delivery of food from the restaurants of Plaintiffs and the Class;

3.  Damages in an amount to be determined at trial;

4.  Reasonable attorneys' fees and expenses; and

5.   Such other and further relief as this Court deems just.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Dated: F e b r u a r y  1 6 ,  2 0 1 8          Respectfully Submitted,

By:     /s/Terrence Buehler
ONE OF THE ATTORNEYS FOR PLAINTIFFS

Terrence Buehler
THE LAW OFFICE OF TERRENCE BUEHLER
20 North Clark Street
Suite 800
Chicago, IL 60602
Phone: (312) 371-4385
tbuehler@tbuehlerlaw.com

Thomas F. Burke
Thomas F. Burke, P.C.

12

53 W. Jackson Blvd, Suite 1441
Chicago, IL 60604
312/362-1300
tburke104@att.net

Jeffrey J. Levine
JEFFREY J. LEVINE, P.C.
20 North Clark Street
Suite 800
Chicago, IL 60602
(312) 372-4600
(312) 443-1286 – Facsimile
jeffjlev@yahoo.com

13