**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BURGER ANTICS, INC., SUSHI PARA ILL and SUSHI PARA CO., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>DOORDASH, INC., a Delaware Corporation,<br><br>        Defendant.<br>──────────────────────────<br>DOORDASH, INC., a Delaware Corporation,<br><br>        Counter-Claimant,<br><br>     v.<br><br>SUSHI PARA CO. and SUSHI PARA LOOP, LTD., on behalf of themselves and all others similarly situated,<br><br>        Counter-Defendants. | Civil Action No. 1:18-cv-00133<br>Honorable Judge Jorge L. Alonso<br>Magistrate Judge Jeffrey Cole<br><br>JURY TRIAL DEMANDED |

**DEFENDANT DOORDASH, INC.'S ANSWER TO AMENDED CLASS ACTION
COMPLAINT AND COUNTERCLAIMS**

Defendant DoorDash, Inc. hereby answers the Amended Class Action Complaint

("Amended Complaint") of Plaintiffs Burger Antics, Inc. and Sushi Para Co. as follows:

**JURISDICTION AND VENUE[1]**

1.     Defendant admits that Plaintiffs' Amended Complaint purports to contain claims

for trademark infringement and false designation of origin under the Lanham Act, as well as

---

[1] DoorDash neither admits nor denies the contents of the various headings and subheadings in the Amended Complaint, which are reproduced solely for convenience. To the extent any heading or subheading contains an allegation requiring a response, DoorDash denies those allegations.

unfair competition under state and federal laws. Defendant admits that Plaintiffs' Amended Complaint purports to be brought on behalf of a class of persons. Defendant denies any remaining allegations of this paragraph.

2. For purposes of this Action, Defendant does not contest personal jurisdiction, subject-matter jurisdiction, or venue in the United States District Court for the Northern District of Illinois with respect to claims arising out of harm that is alleged to have occurred in this District. Defendant denies any remaining allegations of this paragraph.

3. For purposes of this Action, Defendant does not contest personal jurisdiction, subject-matter jurisdiction, or venue in the United States District Court for the Northern District of Illinois with respect to claims arising out of harm that is alleged to have occurred in this District. Defendant denies any remaining allegations of this paragraph.

4. For purposes of this Action, Defendant does not contest personal jurisdiction, subject-matter jurisdiction, or venue in the United States District Court for the Northern District of Illinois with respect to claims arising out of harm that is alleged to have occurred in this District. Defendant denies any remaining allegations of this paragraph.

5. For purposes of this Action, Defendant does not contest personal jurisdiction, subject-matter jurisdiction, or venue in the United States District Court for the Northern District of Illinois with respect to claims arising out of harm that is alleged to have occurred in this District. Defendant denies any remaining allegations of this paragraph.

## PARTIES

6. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

7. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

8.      Defendant admits that it is a Delaware corporation with its principal place of business at 901 Market Street, Suite 600, San Francisco, CA 94103.  Defendant admits that Defendant develops and operates a technology platform that facilitates the delivery of food ordered from restaurants.  Defendant denies any remaining allegations of this paragraph.

## GENERAL ALLEGATIONS

9.      Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

10.      Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

11.      Defendant admits that Exhibit 1 identifies Plaintiff Burger Antics.  Defendant denies any remaining allegations of this paragraph.

12.      Defendant admits that Plaintiffs' Amended Complaint purports to contain claims for trademark infringement and false designation of origin under the Lanham Act, as well as unfair competition under state and federal laws.  Defendant admits that Plaintiffs' Amended Complaint purports to be brought on behalf of a class of persons.  Defendant denies any remaining allegations of this paragraph.

13.      Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

14.      Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

15.      Defendant admits that Trademark Registration No. 4,189,076 was issued to Sushi Para Loop, Ltd. for the mark SUSHI PARA.  Defendant denies the remaining allegations of this paragraph.

16.      Denied.

3

17.     Defendant admits that Defendant develops and operates a technology platform that facilitates the delivery of food ordered from restaurants.  Defendant denies any remaining allegations of this paragraph.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

## CLASS ACTION ALLEGATIONS

28.     Defendant admits that Plaintiffs' Amended Complaint purports to be brought on behalf of a class of persons.  Defendant denies any remaining allegations of this paragraph.

29.     Denied.

### Class Definition

30.     Defendant admits that Plaintiffs' Amended Complaint purports to be brought on behalf of a class of persons.  Defendant denies any remaining allegations of this paragraph.

### Numerosity

31.     Denied.

### Common Questions of Fact or Law

32.     Denied.

33.     Denied.

## Typicality

34.     Denied.

## Adequacy

35.     Denied.

## Superiority

36.     Denied.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. § 1114

37.     Defendant incorporates by reference its responses to the foregoing paragraphs.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT II

## FEDERAL UNFAIR COMPETITION 15 U.S.C. § 1125(a)

44.     Defendant incorporates by reference its responses to the foregoing paragraphs.

45.     Denied.

46.     Denied.

## COUNT III

## DILUTION 15 U.S.C. § 1125(c)

47.     Defendant incorporates by reference its responses to the foregoing paragraphs.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## COUNT IV

## ILLINOIS DECEPTIVE TRADE PRACTICES ACT 815 ILCS § 505/2

53. Defendant incorporates by reference its responses to the foregoing paragraphs.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT V

## ILLINOIS CONSUMER FRAUD ACT 815 ILCS § 505/2

58. Defendant incorporates by reference its responses to the foregoing paragraphs.

59. Denied.

60. Denied.

## COUNT VI

## COMMON-LAW TRADEMARK INFRINGEMENT

61. Defendant incorporates by reference its responses to the foregoing paragraphs.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## PRAYER FOR RELIEF

With respect to the prayer for relief contained in Plaintiffs' Amended Complaint,

DoorDash states that no response is required.  To the extent a response is required, DoorDash

denies that Plaintiffs are entitled to any of the relief requested and denies any factual allegations

therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### *(Failure to State a Cause of Action)*

The Complaint fails to state a claim on which relief can be granted.

### Second Affirmative Defense

### *(First Amendment and/or Fair Use)*

To the extent there was any use of Plaintiffs' trademarks, such use is protected by the

First Amendment of the United States Constitution and/or the Fair Use Doctrine.

### Third Affirmative Defense

### *(License)*

Plaintiffs' claims fail in whole or in part because the complained-of use was validly

licensed by express or implied license.

### Fourth Affirmative Defense

### *(Waiver, Abandonment, and/or Forfeiture)*

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, abandonment,

and/or forfeiture.

7

## Fifth Affirmative Defense

### *(Unclean Hands)*

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## Sixth Affirmative Defense

### *(Laches)*

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## Seventh Affirmative Defense

### *(Estoppel)*

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## Eighth Affirmative Defense

### *(Acquiescence, Ratification, and/or Consent)*

Plaintiffs' claims are barred in whole or in part by the doctrines of acquiescence, ratification, and/or consent.

## Ninth Affirmative Defense

### *(No Willfulness)*

Plaintiffs' claims fail in whole or in part because DoorDash's conduct was innocent, not willful.

## Tenth Affirmative Defense

### *(Statutes of Limitations)*

Plaintiffs' remedies are barred at least in part by the applicable statutes of limitations.

8

## Eleventh Affirmative Defense

### *(Failure to Mitigate)*

Plaintiffs are barred from recovery of damages because of and to the extent of their failure to mitigate their alleged damages (to which, in any event, they are not entitled).

## Twelfth Affirmative Defense

### *(No Causation)*

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were caused by independent, intervening, and/or superseding events beyond the control of DoorDash and unrelated to DoorDash's conduct. Any loss, injury, or damage claimed by Plaintiffs was proximately caused by Plaintiffs' own acts or omissions, forces, and events unrelated to DoorDash's conduct, and/or the acts or omissions of persons or entities other than DoorDash, which DoorDash does not control.

## Thirteenth Affirmative Defense

### *(Injunctive Relief Unavailable)*

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable and because Plaintiffs have an adequate remedy—if any—at law.

## Fourteenth Affirmative Defense

### *(Nominative Use)*

To the extent there was any use of Plaintiffs' trademarks, such use was reasonably necessary to identify the product or service in question.

## COUNTERCLAIM

1. This is a counterclaim by Defendant DoorDash, Inc. against Sushi Para Co. and Sushi Para Loop, Ltd. for the cancellation of United States Trademark Registration No. 4,189,076.

9

**PARTIES**

2.      DoorDash, Inc. is a Delaware corporation having a principal place of business at 901 Market Street Suite 600, San Francisco, CA 94103.

3.      Sushi Para Co. is a Washington D.C. corporation having a principal place of business at 4221 Connecticut Avenue NW, Washington DC 20008-1164.

4.      Sushi Para Loop, Ltd. is an Illinois corporation having a principal place of business at 123 N. Wacker Drive, Suite 125, Chicago, Illinois 60606.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 15 U.S.C. § 1119 (power to order the cancelation of trademark registrations), and 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks).

6.      Sushi Para Co. is subject to this Court's specific and general personal jurisdiction due to its business activities in this Judicial District, regularly soliciting business in this Judicial District, and deriving substantial revenue from goods and services provided to individuals in this Judicial District.  Sushi Para Co. is also subject to this Court's specific jurisdiction because it has brought an action in this Court relating to the trademark registration that is the subject of this counterclaim.

7.      Sushi Para Loop, Ltd. is subject to this Court's general jurisdiction because it has its principal place of business within this District.

8.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

10

**FACTS**

9.     Sushi Para Co. filed a Complaint in the United States District Court for the Northern District of Illinois claiming that DoorDash infringed registered trademark rights owned by Sushi Para Co. by facilitating the ordering and delivery of sushi from certain sushi restaurants using the name SUSHI PARA.

10.     Sushi Para Loop, Ltd. is listed in the records of the United States Patent and Trademark Office as owner of United States Trademark Registration No. 4,189,076, for the word mark SUSHI PARA.

11.     No affidavit under 15 U.S.C. § 1065(3) has been filed with respect to United States Trademark Registration No. 4,189,076.

12.     A trademark is abandoned if the trademark holder engages in naked licensing— that is, allowing others to use the mark without exercising reasonable control over the nature and quality of the goods, services, or business on which the mark is used by the licensee.

13.     The mark SUSHI PARA is used by, *inter alia*, the following entities:

    a.     Sheng & R Inc. d/b/a Sushi Para M (incorporated in Illinois)

    b.     Sheng Mei Inc. d/b/a Sushi Para Inc. (incorporated in Illinois)

    c.     Sushi Para X Inc. (incorporated in Illinois)

    d.     Para Sushi and Ramen LLC (incorporated in Illinois)

    e.     Sushi Para Manhattan Corp. (incorporated in New York)

    f.     Sushi Para 33 Corporation (incorporated in New York)

14.     On information and belief, Sushi Para Co. allows Sheng & R Inc. to use the mark SUSHI PARA.

15. On information and belief, Sushi Para Co. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Sheng & R Inc.

16. On information and belief, Sushi Para Co. allows Sheng Mei Inc. to use the mark SUSHI PARA.

17. On information and belief, Sushi Para Co. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Sheng Mei Inc.

18. On information and belief, Sushi Para Co. allows Sushi Para X Inc. to use the mark SUSHI PARA.

19. On information and belief, Sushi Para Co. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Sushi Para X Inc.

20. On information and belief, Sushi Para Co. allows Para Sushi and Ramen LLC to use the mark SUSHI PARA.

21. On information and belief, Sushi Para Co. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Para Sushi and Ramen LLC.

22. On information and belief, Sushi Para Co. allows Sushi Para Manhattan Corp. to use the mark SUSHI PARA.

23. On information and belief, Sushi Para Co. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Sushi Para Manhattan Corp.

24. On information and belief, Sushi Para Co. allows Sushi Para 33 Corporation to use the mark SUSHI PARA.

25. On information and belief, Sushi Para Co. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Sushi Para 33 Corporation.

26. On information and belief, Sushi Para Loop, Ltd. allows Sheng & R Inc. to use the mark SUSHI PARA.

27. On information and belief, Sushi Para Loop, Ltd. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Sheng & R Inc.

28. On information and belief, Sushi Para Loop, Ltd. allows Sheng Mei Inc. to use the mark SUSHI PARA.

29. On information and belief, Sushi Para Loop, Ltd. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Sheng Mei Inc.

30. On information and belief, Sushi Para Loop, Ltd. allows Sushi Para X Inc. to use the mark SUSHI PARA.

31. On information and belief, Sushi Para Loop, Ltd. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Sushi Para X Inc.

32. On information and belief, Sushi Para Loop, Ltd. allows Para Sushi and Ramen LLC to use the mark SUSHI PARA.

33. On information and belief, Sushi Para Loop, Ltd. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Para Sushi and Ramen LLC.

34. On information and belief, Sushi Para Loop, Ltd. allows Sushi Para Manhattan Corp. to use the mark SUSHI PARA.

35. On information and belief, Sushi Para Loop, Ltd. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Sushi Para Manhattan Corp.

36. On information and belief, Sushi Para Loop, Ltd. allows Sushi Para 33 Corporation to use the mark SUSHI PARA.

37. On information and belief, Sushi Para Loop, Ltd. does not exercise reasonable control over the nature and quality of the goods, services, or business on which the mark SUSHI PARA is used by Sushi Para 33 Corporation.

## COUNT I: CANCELLATION OF UNITED STATES TRADEMARK REGISTRATION NO. 4,189,076

38. DoorDash repeats and incorporates the allegations set forth in the above paragraphs.

39. The mark SUSHI PARA has been abandoned through naked licensing.

40. Therefore, United States Trademark Registration No. 4,189,076 is subject to cancellation.

## PRAYER FOR RELIEF

Wherefore, DoorDash respectfully requests that this Court enter an order cancelling U.S. Trademark Registration No. 4,189,076.

Dated:  April 20, 2018               DURIE TANGRI LLP


By:              */s/ Joseph C. Gratz*
          RAGESH K. TANGRI (*Pro Hac Vice*)
JOSEPH C. GRATZ (*Pro Hac Vice*)
LAUREN E. KAPSKY (*Pro Hac Vice)*
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:  415-362-6666
Facsimile:  415-236-6300
rtangri@durietangri.com
jgratz@durietangri.com
lkapsky@durietangri.com

Attorneys for Defendant and Counter-Claimant
DOORDASH, INC.

15

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2018 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Joseph C. Gratz*
JOSEPH C. GRATZ
